**William F. Dewey, CJA Attorney for Petitioner**
**1150 P Street**
**Anchorage, Alaska 99501**
**907-272-3740**
**deweyfred81@hotmail.com**

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | |
|---|---|
| **SUZETTE M. WELTON** | ) **Case No. 3:12-cv-00137 TMB-DMS** |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **Joe Schmidt, Commissioner,** | ) |
| **Department of Corrections,** | ) |
| **State of Alaska,** | |
| | ) |
| **Respondent.** | ) |
| | ) |

### AMENDED PETITION FOR HABEAS CORPUS (MOTION TO VACATE CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. 2254) SUPPLEMENT

Comes now, Suzette Welton, by her attorney (CJA), William F. Dewey of Ashton and Dewey, Lawyers, and files the following Amended Petition replacing and supplementing the Petition for Writ of Habeas Corpus filed by Ms. Welton on June 26, 2012 at Docket 1. This Amended Petition is filed using the basic 2254 Form with modifications of form to comply with the Order of this Court at Docket 5. The factual exhibits including the Transcript of Trial, Evidentiary Hearing during the first state PCR (as cited to herein) shall be filed pursuant to an accompanying motion in a separate filing to allow the filing of two CDs of the complete transcript

Supplement to Petition filed at Docket 1, AMENDED PETITION 3:12-cv-00137 TMB-DMS

directly with the court and parties, materials in support of "Grounds 2-4" . In addition, counsel files with this motion copies of all prior rulings of previous courts as exhibits to this petition. [See, Separate filings under Notice of Exhibits]

## I. PROCEDURAL HISTORY OF CASE:

Suzette Welton, by and through her attorney, William F. Dewey, appointed in this habeas corpus case applies for relief based on 28 U.S.C. 2254 from a conviction and the judgment of the Superior Court, in case #3PA-00—2303 CR, State of Alaska v. Suzette Welton, Judge Milton Souter presiding . Ms. Welton was sentenced, based on a finding by a jury of guilty on all counts of her indictment on October 28, 2002 to serve on Count I (merged with Count II and III) Murder in the First degree, AS 11.41. 100 (a) to 99 years; Count IV, Attempted Murder, AS 11.31.100(a), 11.41.100 (a)(1)(A) to 99 years, concurrent with Count I; and Count V, Arson in 1st Degree, AS 11.46.400(a), to years concurrent with Count 1 and IV. The date shown in the clerk's certificate of distribution on the judgment is November 14, 2002.

Ms. Welton is presently represented in this action and in the pending state court action [3PA-10-01160 CI] by William F. Dewey, 1150 P Street, Anchorage, Alaska 99501.[1]

---

[1] Counsel was appointed in the Second State PCR through a "Grinols" appointment pursuant to Alaska Administrative Rule 12. That Petition is filed under Notice of filing of Exhibits. Counsel has been appointed to this 2254 action as a CJA attorney.
Supplement to Petition filed at Docket 1, AMENDED PETITION 3:12-cv-00137 TMB-DMS

At trial, Ms. Welton was represented by George Davenport and Judge Gregory Heath of the Palmer Public Defenders Office. Mr. Davenport is presently at the Public Defender's Office, 900 West 5th Avenue, Suite 200, Anchorage, Alaska 99501, and Superior Court Judge Heath is located at Alaska Court System 435 Denali St., Palmer, Alaska 99635.

On direct appeal Ms. Welton was represented by Joe Josephson, 912 West 6th Ave., Anchorage, Alaska, who filed a merit appeal alleging lack of sufficient evidence to support the conviction. The conviction and sentence were affirmed by the Alaska Court of Appeals in Memorandum Opinion and Judgment, 2004 WL 1837692, #A-8474 (August 18, 2004). A Petition for Hearing was denied by the Alaska Supreme Court on November 15, 2004.

A Criminal Rule 35.1 motion (Post Conviction Relief action) was filed in the Superior Court for the State of Alaska pro per on December 27, 2004 [3PA-05-836 CI] asserting ineffective assistance of counsel by Ms. Welton's trial counsel and appellate counsel. Mr. Michael Smith was her attorney in that post-conviction relief action. An order was issued by Judge Eric Smith denying Ms. Welton's application after an evidentiary hearing on April 9, 10, 15, 2008. An appeal of that denial was taken, and in that appeal Ms. Welton was represented by the Office of Public Advocacy, Attorney Beth Trimmer, 1016 West 6th Ave. Suite 100, Anchorage, Alaska 99501.

Supplement to Petition filed at Docket 1, AMENDED PETITION 3:12-cv-00137 TMB-DMS

The Court of Appeals for the State of Alaska issued a Memorandum Opinion on May 25, 2011 denying Ms. Welton relief.  [Opinion # 5703, Court of Appeals A-10237]  The Supreme Court denied a Petition for Hearing on July 27, 2011.  The exhausted issue regarding the failure of trial counsel to adequately cross-examine the state witness, Jeremiah Welton on his past use of "Sleepinol" (further explained below) was raised throughout this proceeding, and through Petition for Hearing with the Alaska Supreme Court.

During the litigation of the Appeal on the first PCR, Ms. Welton filed an additional Criminal Rule 35.1 PCR action alleging new evidence in the form of Dateline/NBC investigation materials including new interviews with the District Attorney, Lead State Investigator Wallner, Karen Polak, and Luke Dubber which may show Ms. Welton's innocence. [Page 4, of Original Petition].   That petition was filed on February 17, 2010 and is pending in the Superior Court for the State of Alaska [Case #3PA-10-01160 CI]. Originally, the Alaska Public Defenders were appointed as counsel, and then Office of Public Advocacy was appointed as conflict counsel, who then sought to remand the appeal of 3PA-05-836 CI to the trial court to consolidate the post-conviction proceedings for findings before appeal. That motion was denied prior to the ruling by the Appellate (Alaska) courts on Ms. Welton's first PCR.  The Superior Court for the State of Alaska ordered withdrawal of OPA on December 16, 2010 based on a statutory ban  which prevents the agency from representing a defendant on a second PCR. Abigail Sheldon was

Supplement to Petition filed at Docket 1, AMENDED PETITION 3:12-cv-00137 TMB-DMS

appointed as Administrative Rule 12 counsel. Ms. Sheldon, after being cited of non-compliance was relieved as counsel without an amended petition being filed on September 13, 2011. Mr. Daniel Brewster was then appointed, and was allowed to withdraw without filing an amended petition or attorney certification on March 1, 2012 based a family medical hardship. Ms. Karen Jennings was then appointed pursuant to Administrative Rule 12 and on April 25, 2012 she was allowed to withdraw due to the closing of her practice.

Present counsel was appointed as Rule 12 counsel in the Second PCR in an order of June 26, 2012 and served on counsel July 5, 2012. On July 6, 2012, this court appointed present CJA counsel on this 2254 action.

Several continuances have been granted since those appointments to allow counsel time to locate files of previous counsel including 15,000 pages of discovery and amounting to 21 boxes of files. Since obtaining of the files of previous counsel in November of 2012, present counsel has sought to review material to determine whether an amended application for post-conviction relief should be filed in state court pursuant to CR 35.1(e), and whether to supplement the original petition in this case pursuant to this court's order at Docket 5. An amended Rule 35.1 motion was filed April 16, 2013 in the Superior Court for the State of Alaska alleging 3 grounds for relief. This Supplement/Amended Petiton alleges 4(four) grounds (one exhausted remedy, and three unexhausted remedies). **Petitioner will follow the filing of this Amended Petition with a Motion for Stay and**

Supplement to Petition filed at Docket 1, AMENDED PETITION 3:12-cv-00137 TMB-DMS

**Abey this petition until such time that the Alaska Courts can rule on the three unexhausted claims and provide this court with a factual record in state court.**

Ms. Welton currently resides in custody at the Hiland Mountain C.C., 9101 Hesterberg Rd., Eagle River, Alaska 99577.[2]    At the jury trial in the State trial court, Ms. Welton did not testify.

## II. FACTUAL STATEMENT OF CASE:

For purposes of this amended petition, Ms. Welton would incorporate by reference the factual statement of the Alaska Court of Appeals in Memoradum Opinion # 5703, decided May 25, 2011.

**A. SUMMARY OF STATE CASE:**    This is a case in which the State alleged that Ms. Welton, the mother of Samuel, Jeremiah, and a young daughter, Bree lived in Wasilla, Alaska in September of 2000.    Mr. Dennis Welton, her ex-husband, was not present in the home and was engaged in a custody dispute with Ms. Welton at the time.    A house fire occurred on

---

[2] A copy of all orders relevant to this case are attached as an exhibits to this Supplement in separate PDF files for each stage of litigation.  These include: Indictment and Judgment in 3PA-00-2303 CR, Notice Appeal, Memorandum Opinion dated August 18, 2004, Order Denying Petition for Hearing dated November 26, 2004, Application (first PCR) filed December 21, 2004, Amended Application (first PCR) filed December 7, 2006, Amended Findings of Fact and Conclusions of Law filed May 27, 2008, Order of Superior Court on Rehearing,  Ms. Welton's Second PCR Application for PCR filed February 17, 2010, Memorandum Opinion [Ak Court of Appeals] #5703, decided May 25, 2011, Petition for Habeas Corpus (2254) filed June 26, 2012, and Amended Petition for PCR [3PA-10-01160 CI] filed April 16, 2013.  Further record, consisting of supporting documents referred to herein shall be filed in by CDs to the Court. See, Motion to Allow Conventional filing of

Supplement to Petition filed at Docket 1, AMENDED PETITION 3:12-cv-00137 TMB-DMS

Case 3:12-cv-00137-TMB   Document 22   Filed 04/22/13   Page 6 of 21

September 15, 2000 at the duplex. In that fire, the son, Samuel was killed by smoke inhalation. Ms. Welton and her other children, Jeremiah and Bree escaped.

It was discovered shortly after the fire Ms. Welton bought whole life insurance policies on her sons in June of 2000. From evidence at the fire scene, it was thought in the upstairs bedrooms of the home – where the teenage boys slept, the cranks from the windows had been removed. Further, Jeremiah provided information that Ms. Welton had provided drinks for the boys in the evening before the fire, which after testing of the bottles found in the trash, it was undisputed at trial that the residue contained the active ingredient of an over the counter sleep aid, "Sleepinol". Lastly, 2 days prior to the fire, the records of the local Carr's grocery store showed that a gas can and Sleepinol were bought using Ms. Welton's Carr's card.

A review of the testimony at trial of the state expert witnesses on cause and origin of the fire can be summarized as:

<u>Carol Olson</u>: Using the following "tells", she testified that the fire which resulted in the death of Ms. Welton's son Samuel was started by accelerants. Based on burn patterns, she concluded the fire was deliberately started, and was started by an accelerant due to the firefighters stating that the fire would flare up after water was put on the fire. Tr. 1051-1365. She also testified that there were

_____

discovery documents Statements of Jeremiah Welton, evidence [Chatroom records and Dateline/NBC material, and trial and evidentiary transcripts filed with this Amended Petition.
Supplement to Petition filed at Docket 1, AMENDED PETITION 3:12-cv-00137 TMB-DMS

remnants of a red gas can in a photo of fire debris. This was later identified as a piece of cloth by state expert, John Glenn. Olsen testified that the fire started in Bree's room on the second floor of the duplex (3 bdrms and bath upstairs separated by a hallway).

<u>John Glenn</u>: Also using burn patterns in the floor as a "tell", Mr. Glenn found that this was an incendiary fire (purposefully started by accelerants). Both Olson and Glenn found that the fire started in a room, but they did not agree on which room. Glenn testified that the fire started in an arc from Jeremiah's room to Bree's room in the hallway. He also identified the "gas can" as a piece of cloth. Tr. 2106- 2246.

<u>David Campbell</u>: In rebuttal, the state called Campbell who in addition to agreeing with Glenn and Olson regarding the burn patterns, also testified that this fire was an incendiary fire as shown by burning down in the hallway below the floor into the studs. He also testified that it was a flash fire. Tr. 4645-4760.

In pleadings filed prior to trial and during trial, the state gave notice of calling witnesses on the cause and origin of the fire in question. In pleadings before trial the defense noticed a "fire scientist", but did not call a fire investigator or cause and origin expert.

**B. DEFENSE CASE:**

The attorneys and the defense investigators have previously testified during the first post conviction evidentiary hearings that the defense relied on 4 separate

Supplement to Petition filed at Docket 1, AMENDED PETITION 3:12-cv-00137 TMB-DMS

theories of innocence: 1) this was possibly a set or incendiary fire or an accident or of unknown origin (reasonable doubt on the elements of arson, i.e., beyond a reasonable doubt this was a set fire is required for the elements of arson and murder);  that if it was an incendiary fire, it was: 2) a fire set by the 16y.o. son, Jeremiah, or 3) it was set by 14 y.o. Samuel, or 4) it was set by a combination of Samuel and Jeremiah. Testimony of George Davenport, Evid. Hrg.,Tr.113; Testimony of Bruce Johnson, Tr. 65-69.

At trial, the defense called one expert who was not noticed to the State as a "fire investigator" or as a "cause and origin" expert.   He was allowed by the trial court to testify, critiquing the science used by the state's witnesses to cast doubt on their conclusions, but in only in a limited way as a "fire scientist' by the trial judge.

The defense fire expert, Dr. Vytenis Babrauskas, was not qualified as a expert in cause and origin of fires or as an expert fire investigator based on the objections by the prosecutor.  However, he was allowed to testify that the patterns on the floor were caused by a "flashover" verified by firefighters statements; and the charring of the wood in the floor was not caused by accelerants but by fire causing radiant heating.   He testified that while there was a possibility of a set fire, it could not be determined by the evidence in this case.   He also testified as to literature regarding juvenile fire setting problems.

In regard to the other aspects of the state case, the defense brought out during the trial that in the debris of Samuel's room a crank for his upstairs window was found, and Jeremiah testified that he had a crank on his window the night in

Supplement to Petition filed at Docket 1, AMENDED PETITION 3:12-cv-00137 TMB-DMS

question, which was found below the window in which he escaped from the second floor.

Testimony also showed that tests done on debris after the fire showed no traces of accelerants.

The evidence also showed that anyone in the household who had the phone number could use the Carr's card and it would be recorded on Suzette Welton's card.

Considering the testimony as to cause and origin was so timidly contested at trial, the defense spent a good deal of time trying to show during Jeremiah Welton's cross examination that Jeremiah used drugs regularly, that he was willing to lie about his drug use, and Jeremiah and Samuel played with fire in the house. This was done to show that either Jeremiah and Samuel or individually or together were responsible for the fire. Also, during the defense case, Luke Dubber testified that he witnessed on several occasions Jeremiah Welton using Sleepinol to get high.

## III. GROUNDS FOR RELIEF:

## 1. FAILURE TO CROSS-EXAMINE JEREMIAH WELTON REGARDING HIS RECREATIONAL USE OF OVER THE COUNTER SLEEPING AIDS.

Supplement to Petition filed at Docket 1, AMENDED PETITION 3:12-cv-00137 TMB-DMS

In the 04 post-conviction relief action, its appeal, and in the Petition for Hearing denied in July of 2011,[3] Ms. Welton argued that her attorneys denied her right to effective assistance of counsel, denying her rights pursuant to both the Alaska Constitution and the Constitution of the United States by not confronting the State witness, Jeremiah Welton on his testimony on direct that he never used any sleep aid.  The judge found in that first PCR case:

> The second issue raised by Ms. Welton is more troubling. One of the key pieces of evidence against Ms. Welton was the fact that sleeping drugs were found in the boys' drinks.  An equally key element of her defense was that the boys were recreational users of drugs, and of sleeping pills in particular. Jeremiah testified on direct that he had used marijuana consistently prior to the fire, that he tried other drugs, and that he never tried "sleeping aids".  Tr. 1622.  Mr. Heath went into Jeremiah's drug use in great detail on cross-examination, quoting extensively from his emails in which he said he had taken a wide variety of other drugs, including PCP – in one email, [4] he said he was hallucinating while typing.  Jeremiah claimed that he

[3] There is no question that this ground is "exhausted" and based on the state court record was decided incorrectly. See, infra.
[4] These are actually references to "chatrooms" which were allowed into evidence as prior statements once identified by his online name "Papa Roach". [Tr. 1657]

Supplement to Petition filed at Docket 1, AMENDED PETITION 3:12-cv-00137 TMB-DMS

actually had not taken all of those drugs, but was lying to his friends.

Mr. Heath did not, however, ask Jeremiah about one very important admission. Jeremiah was interviewed by Investigator Wallner on a number of occasions. In one interview, in response to a question as to whether his mother took sleeping pills, Jeremiah responded:

"Nope. I don't know anything of it. She'd never take sleeping pills. She tells me and Sam 'cause I remember I used to take sleeping pills when I had soccer practice or..." [Quoting from Pl. Exh. 14. at Evidentiary Hearing Finding by Trial Court, at 24 in 3PA-04-836 CI.

The court found in the First PCR proceedings, based on the testimony at the evidentiary hearing, this was vitally important testimony which could have be used to bolster the theory that the boys, not Ms. Welton, was the source of any Sleepinol in the boys drinks that night. Findings at 24-27.

The court found: Mr. Davenport (Ms. Welton's trial attorney) did not recall seeing this part of the record; Mr. Heath did not recall it either, nor did the investigators. They all admitted on the record of the evidentiary hearing, correctly, it would have been helpful to have challenged Jeremiah with this admission. The

Supplement to Petition filed at Docket 1, AMENDED PETITION 3:12-cv-00137 TMB-DMS

court found, "Given the fact that none of the defense team remembered the admission, it is likely that they all simply overlooked it in the thousands of pages of discovery that had been provided." Ruling at 27, Exhibit C-1, attached hereto.

However, after finding that it was most likely that the trial attorneys did not know of the statement, the court then found credible Mr. Heath's testimony that he had a witness, Luke Dubber, and he decided to not ask Jeremiah about the sleeping pills during his cross examination because he did not want to "flag this issue to the state's attention." The trial court examining this omission by Mr. Heath stated Mr. Dubber was known to the state, but if he flagged the issue, the State might interview Mr. Dubber and steal the defense's fire. Accordingly, the court reviewing ineffective assistance found this decision to be "tactical" and ruled that "while a close call [the decision to not use the prior inconsistent statement to impeach perjury in direct] even under the clear and convincing standard, the court finds that the failure to ask Jeremiah about this admission was not incompetent." Amended Finding of Fact and Conclusions of Law, at 24, attached hereto as Exhibit C-1, decided on May 27, 2008. This finding was affirmed in Welton v. State, Court of Appeals for State of Alaska, Memorandum Opinion, #5703, decided on May 25, 2011, at 20-23 for the same reasons based on a finding of tactical decision using data that the attorneys were unaware.

Supplement to Petition filed at Docket 1, AMENDED PETITION 3:12-cv-00137 TMB-DMS

**a. PURSUANT TO 28 U.S.C. 2254 THIS COURT SHOULD GRANT RELIEF AND FIND INEFFECTIVE ASSISTANCE OF COUNSEL FOR DENIAL OF MS. WELTON'S 6TH AMENDMENT RIGHT TO COUNEL, DENIAL OF DUE PROCESS AND EQUAL PROTECTION.**

While this court is normally required to give great deference to the State Court record and findings, see, Cullen v. Pinholster, 131 S.Ct. 1388 (2011) and Stokley v. Ryan, 659 F.3d 802, 807-08 (9th Cir. 2011), here the findings of the trial court, and the appellate courts in this case, on this issue, are "objectively unreasonable" and deserve no deference.

The actual record of the trial shows that just prior to the examination of Jeremiah Welton, this issue was revealed and flagged on the record by Mr. Heath. He argued that the lie told by Jeremiah Welton (that he never took sleep aids) went to the "crux of their case", and argued strenuously that the statement by Jeremiah was "false". Mr. Heath, Ms. Welton's attorney, contrary to his explanation after the fact, stated – just prior to the examination of Jeremiah Welton:

> Again, we believe that that was an absolutely false statement. We will be presenting as an offer of proof to the court testimony from individuals who will confirm that he was not only using marijuana and beer, he was using PCP, and we have an individual who'll confirm that he was using and abusing diphenhydramine…

Supplement to Petition filed at Docket 1, AMENDED PETITION 3:12-cv-00137 TMB-DMS

Now, Mr. Kalytiak may say that the use of PCP and the use of diphenhydramine is a collateral issue, but it's our opinion that it's the key issue in this case. ..  As we said in our opening statements, we're not contesting that they had diphendydramine in their system, we're contesting where it came from… we will hear testimony in our case in chief of individuals—or an individual who saw Jeremiah Welton abusing diphenhydramine.[5]

Tr. of Trial, Greg Heath speaking, at 1488-89, just prior to Jeremiah taking the stand. Also see, Opening Statement of George Davenport, at 812-13, stating they had a witness.

The fact is the finding of no ineffective assistance by Mr. Heath by Judge Smith and affirmed in the Alaska Appellate Court, by not crossing Jeremiah Welton as to his admission due to a tactical decision to not "flag the issue of diphenhydramine abuse" and keep hisknown witness secret was objectively unreasonable and was not supported by the record.  This failure to rule based on real facts, rather than a made up justification for a serious error in a close case amounts to unreasonable error by the state courts and clear evidence of ineffective assistance of counsel which requires the vacation of the conviction and sentence in this matter.

---

Supplement to Petition filed at Docket 1, AMENDED PETITION 3:12-cv-00137 TMB-DMS

## 2. GROUNDS FOR RELIEF (2,3, AND 4)  UNEXHAUSTED CLAIMS

The following claims are raised in the latest PCR action in State court in Case #3PA-10-01160 CI, based on the arguments and authorities cited below, and in the materials filed in support of that action. See, Exhibit A, Petition for Post-conviction Relief and Certification of Counsel pursuant to Alaska Rule of Criminal Procedure 35.1(e), attached, and incorporated by reference here. This amended petition for 2254 relief addresses the following claims which are unexhausted, but are and will be pending in the Superior Court for the State of Alaska, and petitioner will move for an order to "stay and abey" order pursuant to Rhines v. Weber, 544 U.S. 269 (2005) and finding of good cause.  That finding of good cause is supported by the State Petition and Certificate of Counsel filed pursuant to Alaska R. of Crim. P. 35.1(e), and attachments.[6]

**Ground 2**.  Trial counsel failed to hire an "fire cause and origin expert" to impeach the three fire "cause and origin" expert witnesses called by the State at

---

[6] Counsel files with this motion Exhibits A-D in support of this petition.  These Exhibits contain rulings and petitions filed in all courts referenced herein in chronological order starting with the indictment and ending with the most recent filing in Alaska State Court.  This court has already ruled that the record of the State proceedings are the record in this case, see, Order at docket 5, page 4.  With this motion petitioner has moved that she be allowed to file the entire trial transcript on CD, as well as a CD which is the record of the Evidentiary hearing in the First Post-Conviction proceeding, as well as the supporting documents on disk supporting Grounds 2,3, and 4, including a DVD of the Dateline/NBC program of which out-takes are being sought in State court.  The motion to allow filing of exhibits on CD and DVD is to support both Grounds 2,3, and 4, but is also filed to be sure a complete record is before the court when ruling on the Motion for a Stay and Abey Order which will be filed once those exhibits are filed.
Supplement to Petition filed at Docket 1, AMENDED PETITION 3:12-cv-00137 TMB-DMS

trial. Specifically, during the trial, testimony of Vytenis Babrauskas was sole fire expert offered by the defense during trial, not as an expert in the fire's origin, but as an expert in "fire science". [Testimony starting at Tr. 3717 to 3973] In that testimony, because Dr. Babrauskas (the sole defense expert) was not qualified by the court (or noticed up to the State) as a fire origin investigator, he was impeached significantly and repeatedly based on his testimony that he was not a fire investigator and could not state the origin of the fire as a "cause and origin" expert. The failure of the defense to have a qualified fire cause and origin expert at trial prevented the defendant from asserting that the fire in this case was not a incendiary fire. Further, this failure allowed prejudicial expert opinions by state experts that the death in this case was the result of purposeful incendiary fire to remain unchallenged even though such opinions were not based on fire science. It is Ms. Welton's contention that these failures constituted ineffective assistance of counsel falling below professional standards and prejudicing her case of innocence, and thereby, denying Ms. Welton her Sixth Amendment right to effective assistance of counsel and acquittal. [See, Tr. 3752, where defense expert is impeached for not being a cause and origin expert] Further, Ms. Welton asserts that Mr. Smith in representing Ms. Welton in her first PCR failed to raise this issue of ineffective assistance by trial counsel, and therefore, denied her effective assistance of counsel in her first post-conviction relief action and prejudiced her case. As stated in the attached Exhibit A (Certification of Counsel) this ground is

Supplement to Petition filed at Docket 1, AMENDED PETITION 3:12-cv-00137 TMB-DMS

expected to be supported by expert testimony that the cause and origin of this fire cannot be said to have been arson based on any reasonable scientific opinion, and that the testimony of the State witnesses were not based on scientifically based reliable evidence accepted in the field of fire science and investigation. [See, Certificate of Counsel, attached to Amended Rule 35.1 Motion, filed pursuant to CR 35.1(e)].

**Ground 3**. That Mr. Smith, Ms. Welton's first post-conviction relief attorney was specifically informed that a documentary television show had conducted a documentary after trial in Ms. Welton's case, and that numerous witnesses were identified and interviewed with stories favorable to Ms. Welton's case. In the Dateline episode, the District Attorney, Roman Kalytiak was interviewed and confronted with statements which contradicted trial testimony regarding Ms. Welton initiating the purchase and claims on the whole life insurance policies on her sons. [See, attached "Dateline Materials" filed conventionally with the court]. Mr. Smith specifically was asked by Ms. Welton to obtain the complete interviews on video and tape including unedited materials from NBC, and failed to investigate the existence of such tapes, or raise these issues in her first post-conviction relief action. This evidence may constitute evidence of material facts, not previously presented and heard, which requires vacation of the conviction in this case. The failure to obtain this favorable evidence by Mr. Smith falls below professional standard to fully investigate and litigate Ms. Welton's claims and amounted to a

Supplement to Petition filed at Docket 1, AMENDED PETITION 3:12-cv-00137 TMB-DMS

denial of Ms. Welton's right to effective assistance of counsel and compulsory process as guaranteed by the Alaska and U.S. Constitution. Specifically, based on the facts stated in Certificate of Counsel attached and the expected affidavits of Mr. Smith which will be filed after a meeting with Mr. Smith, counsel expects that a hearing be held where this evidence can be provided from NBC/Dateline to the court by compulsory process and a determination can be made of its exculpatory value.

**Ground 4.** Trial counsel failed to impeach State witness, Jeremiah Welton, in regard to the expectation of monies being available to him shortly before the fire in this case in chat room discussion identified and verified during his testimony at trial. Tr. 1657. Further, trial counsel failed to impeach Jeremiah Welton regarding seeking to obtain a State investigators' help in obtaining life insurance monies from the local State Farm Insurance offices after the fire in this case. [Statement of Jeremiah Welton to Inv. Burroughs, 9/19/00, Discovery starting at pages 4876-86]. Ms. Welton specifically requested Mr. Smith to bring this failure up in the first PCR and Mr. Smith failed to assert this in the first PCR even though the record of the trial, statements and chatroom records support her assertions. Ms. Welton asserts that this failure to cross examine Jeremiah Welton on his expectation of receiving money prior to and after the fire by trial counsel to establish an alternative motive of greed, and failure by post-conviction counsel to assert and litigate this issue denied her effective assistance of counsel at both trial and during

Supplement to Petition filed at Docket 1, AMENDED PETITION 3:12-cv-00137 TMB-DMS

the first post-conviction case. Ms. Welton charges here that such conduct by both trial and post-conviction counsel denied her right to effective assistance of counsel and right to confront witnesses pursuant to the Alaska and U.S. Constitution, prejudicing her case.

Petitioner has prayed for relief from her conviction and sentence in the Alaska State Court pursuant to Criminal Rule 35.1 and further states grounds for relief as stated above in paragraphs 2-4 support a proceeding for post conviction relief under the following provisions of that rule in that the conviction and sentence in this case was in violation of the Constitution of the United States and the laws and Constitution of Alaska by denying Ms. Welton effective assistance of counsel pursuant to her right to counsel and due process as guaranteed by the Alaska and U.S. Constitution during her trial; and in relation to the "Dateline/NBC material" that there exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction and sentence in the interests of justice; [CR 35.1(a)1(4)].

Accordingly, to prevent Ms. Welton from losing her ability to raise these important Federal rights if the Alaska Courts do not provide relief pursuant to the Alaska and U.S. Constitution, Ms. Welton seeks to litigate these issues (Grounds 2-4) in Alaska State Courts and requests a stay and abey order on all issues and grounds until the time that said unexhausted issues are exhausted.

Supplement to Petition filed at Docket 1, AMENDED PETITION 3:12-cv-00137 TMB-DMS

**IV. TIMELINESS:**

Pursuant to the agreement of the parties at the hearing of December 3, 2012, there appears to be no dispute as to timeliness of this first Petition for Habeas Corpus pursuant to 28 U.S.C. 2254.

DATED this 22nd day of April, 2013.

Ashton and Dewey, Lawyers,


s/Willliam F. Dewey
William F. Dewey
1150 P Street
Anchorage, Alaska 99501
(907) 272-3740
deweyfred81@hotmail.com
AK Bar No. 8209089


This motion was served by electronic means on Diane Wendlandt, OSPA, attorney for Respondent on this 22nd day of April, 2013 by William Dewey, Attorney for Ms. Welton.

Supplement to Petition filed at Docket 1, AMENDED PETITION 3:12-cv-00137 TMB-DMS