Diane L. Wendlandt
Assistant Attorney General
Office of Special Prosecutions and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: diane.wendlandt@alaska.gov

Attorney for Respondent

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| SUZETTE M. WELTON,<br><br>    Petitioner,<br><br>  vs.<br><br>JOE SCHMIDT,<br><br>    Respondent. | Case No. 3:12-cv-0137-TMB-DMS<br><br>REPLY TO PETITIONER'S OPPOSITION TO MOTION TO DISMISS CLAIMS FOR FAILURE TO EXHAUST STATE REMEDIES |

Respondent Joe Schmidt has filed a motion asking this court to dismiss Suzette Welton's petition for federal habeas relief for failure to exhaust state remedies. *See Motion to Dismiss Claims for Failure to Exhaust State Remedies* (Doc. 29). Welton concedes that she has not exhausted her state remedies as to three of her four habeas claims. *See Amended Petition* (Doc. 22), at 16. And as explained in the motion to dismiss, Welton did not identify the federal nature of her fourth claim—the alleged ineffective assistance of her trial attorney in failing to impeach her son, Jeremiah, with his prior statement about using sleeping pills—in the petition for hearing that she filed with the

Alaska Supreme Court. *See Petition for Hearing* (Doc. 29-9). *See also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004) (noting that, to exhaust a claim, a federal habeas petitioner must fairly present his claim to the state's highest court and he must alert that court to the federal nature of the claim). Thus, her petition must be dismissed.

Welton has opposed respondent's motion to dismiss, essentially arguing that the Alaska Supreme Court should have inferred the federal nature of her claim from the state cases she discussed in her petition, cases which referred to both state and federal ineffective-assistance analysis. *See Opposition* (Doc. 31). But the fair-presentation requirement does not place such a burden on state courts. If Welton wished to preserve her federal ineffective-assistance claim, she had the opportunity to do so in her petition; for whatever reason, she chose not to and that choice now bars her federal habeas claim.

1. *Welton's petition for hearing did not clearly identify the federal nature of her claim.*

In response to the motion to dismiss, Welton first takes issue with the state's assertion that her petition for hearing failed to adequately identify the federal nature of her claim. *See Opposition* (Doc. 31), at 4-6. In support, she points to (1) her references to *State v. Jones*, 759 P.2d 558 (Alaska App. 1988), which discussed the federal ineffective-assistance standard set out in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984), (2) her citation of *Wiggins v. Smith*, 539 U.S. 510, 123 S.Ct. 2527 (2003), and (3) the state's reference, in its opposition to Welton's petition for hearing, to *United States v. DeCoster*, 624 F.2d 196 (D.C. Cir. 1976). *See Opposition* (Doc. 31), at 4-6. None of these references, however, were adequate to identify the federal nature of

Welton's ineffective-assistance claim.

For example, Welton argues that the petition for hearing's repeated references to *State v. Jones* were sufficient to preserve her federal claim because, at least according to Welton, in *Jones* the Alaska Court of Appeals adopted the *Strickland* standard. *See Opposition* (Doc. 31), at 5. But this argument fails on several levels. First, "[w]hen a petitioner does not label his claim as federal, the mere citation to a state court case that engages in both a state and federal constitutional analysis does not suffice to exhaust the federal claim." *Fields v. Waddington*, 401 F.3d 1018, 1022 (9th Cir. 2005). Second, even if *Jones* adopted *Strickland* as the state standard, reliance on that state standard—even if similar to *Strickland*—would not preserve the federal claim. *See Fields*, 401 F.3d at 1022 ("But raising a state claim that is merely *similar* to a federal claim does not exhaust state remedies." (emphasis in original)).

Third and most important, *Jones* did not adopt the *Strickland* standard. In *Jones*, the state court of appeals was bound by and followed the standards set out by the state supreme court in *Risher v. State*, 523 P.2d 421 (Alaska 1974), a case decided ten years before *Strickland*. Of course, in light of the intervening *Strickland* decision, the court of appeals discussed *Strickland*, noting its similarities to and crucial differences from the *Risher* standard. *See Jones*, 759 P.2d at 568-69. But ultimately, the court of appeals made clear that it was applying *Risher*—not *Strickland*—to its analysis of the ineffective-assistance claim. *See Jones*, 759 P.2d at 569 ("Applying the *Risher* standard to the circumstances of the present case, we conclude that the trial court erred in finding

that Jones met his burden of proving ineffective assistance of counsel."), 572 ("We conclude that the trial court erred in finding that Jones satisfied the performance prong of the *Risher* standard."), 574 ("On the current record, a finding of prejudice under the *Risher* standard cannot be supported."). That is, it was following state constitutional law in deciding whether Jones had established a claim of ineffective assistance.

For this reason, mere citation to and reliance on the Alaska Court of Appeals' decision in *State v. Jones* would not have alerted the Alaska Supreme Court to the allegedly federal nature of the ineffective-assistance claim asserted by Welton in her petition for hearing. In response, Welton notes that, in her petition for hearing, she quoted a portion of *Jones* in which the state court cited a federal case—*Kimmelman v. Morrison*, 477 U.S. 365, 106 S.Ct. 2574 (1986)—to support its analysis of whether an attorney's decision qualified as tactical. *See Opposition* (Doc. 31), at 4 (referring to *Petition* (Doc. 29-9, at 5)). But if Welton intended this quotation from *Jones* to alert the Alaska Supreme Court to the federal nature of her claim, her execution of that intent fell far short of its mark. In her petition, Welton only cited *Jones*; she did not include a parenthetical or other reference to *Kimmelman*. *See Petition* (Doc. 29-9, at 5). To infer a federal claim from this oblique reference to a federal case would require several leaps of intuition by the state supreme court—leaps which federal habeas law does not require.

To prove that she raised a federal claim in her petition for hearing, Welton also points to her citation of *Wiggins v. Smith*, 539 U.S. 510, 535, 123 S.Ct. 2527, 2542 (2003). *See Opposition* (Doc. 31), at 5 (referring to *Petition* (Doc. 29-9), at 7). Welton

claims that this citation should have alerted the Alaska Supreme Court to the federal nature of her claim. *Id.*

The difficulty with this argument is that the *Wiggins* citation was irrelevant to the point Welton was trying to make in her petition for hearing. The section of the petition in which Welton cited *Wiggins* concerned the competency prong of the *Risher* standard. *See Petition* (Doc. 29-9), at 5-8. But the portion of *Wiggins* quoted by Welton related solely to the prejudice prong of that standard. *See Wiggins*, 539 U.S. at 535, 123 S.Ct. at 2542. After finding incompetence in the defense attorney's failure to investigate mitigating information, the Court considered whether that failure to investigate caused prejudice—*i.e.*, whether there was a reasonable probability that a competent attorney would have used the information and whether that information would have made a difference in the jury's outcome. *Id.* That discussion is irrelevant to the competence prong of the analysis for which Welton cited it. "Citation of irrelevant federal cases does not provide a state court with a fair opportunity to apply controlling legal principles to the facts bearing upon [a defendant's] constitutional claim." *Castillo v. McFadden*, 399 F.3d 993, 1000 (9th Cir. 2005).

Welton's final argument on the federal nature of her claim focuses on the state's use, in its opposition to Welton's petition for hearing, of a quotation from *United States v. DeCoster*, 624 F.2d 196, 211 (D.C. Cir. 1976). *See Opposition* (Doc. 31), at 6; *Response to Petition for Hearing* (Doc. 29-10), at 9. The quotation in question explained that the effort to which competent counsel must go depends in part on "a reasonable

indication of materiality" with respect to the evidence or action that the defendant believes was improperly overlooked or omitted. *Id.* From the context, it is clear that the state included this quotation as a general proposition and thus as persuasive authority in interpreting state ineffective-assistance principles. Nothing about the quotation or the context in which it was used suggests that the state—or, more importantly, Welton—was asking the state supreme court to address a federal claim.

    2.    *Resolution of Welton's petition is controlled by* <u>Galvan v. Alaska Dep't of Corrections</u>.

As explained in respondent's motion to dismiss (Doc. 29, at 8-11), the Ninth Circuit addressed a virtually identical issue in *Galvan v. Alaska Dep't of Corrections*, 397 F.3d 1198 (9th Cir. 2005). Like Welton, Galvan asserted an ineffective-assistance claim in a petition for hearing to the Alaska Supreme Court. *Galvan*, 397 F.3d at 1200-01. And like Welton, Galvan did not refer to the Sixth Amendment or otherwise expressly indicate that her claim rested on federal ineffective-assistance principles. *Id.* And finally, like Welton, Galvan relied almost exclusively on state cases to support her ineffective-assistance claim. *Id.* In finding that Galvan had not fairly presented her federal claim to the state supreme court, the Ninth Circuit held that Galvan's reliance on state cases that discussed federal precedents "does not necessarily put the state supreme court on notice that the petitioner is claiming a violation of a federal right." *Id.* at 1202. Thus, Galvan's discussion of the seminal Alaska case on ineffective assistance—*Risher v. State*—was not sufficient to alert the Alaska Supreme Court to the federal nature of Galvan's claim. *Id.* at 1202-03. The same result applies to Welton's case.

In response, Welton tries to distinguish *Galvan*. Specifically, she claims that Galvan "did not raise the Federal Constitutional analysis of numerous state cases as Welton did here." *See Opposition* (Doc. 31), at 7; *id.* at 8 ("Ms. Welton cited to Federal Constitutional analysis in State cases"). But as discussed above, Welton may have cited "numerous state cases" that included both state and federal analysis of the ineffective-assistance claims, but she did not highlight or even suggest that she was relying specifically on the federal aspect of those cases. *See Petition* (Doc. 29-9), at 1-11. As noted earlier, merely citing state cases that contain both state and federal analysis is not sufficient to preserve a federal claim for habeas purposes. *See Fields*, 401 F.3d at 1022; *Galvan*, 397 F.3d at 1201-02. Welton was required to alert the state court to the federal nature of her claim; her mere citation to cases that included federal analysis, without more, was insufficient to meet that requirement.

Nowhere in her petition for hearing did Welton specifically discuss the federal analysis *as federal analysis* or otherwise alert the Alaska Supreme Court to the fact that she was relying on the state decisions not for their discussion of state constitutional law but for their federal constitutional analysis. *See Petition* (Doc. 29-9). Her silence on this point—in contrast to her explicit reference to the Sixth Amendment and federal cases interpreting the Sixth Amendment in her briefing to the state court of appeals—is fatal to her federal habeas petition.

Welton also contrasts her assertion of her federal ineffective-assistance claim in the trial court and intermediate appellate court with Galvan's apparent failure to

*Suzette Welton v. Joe Schmidt*, No. 3:12-cv-0137-TMB-DMS
Page 7

assert such a claim in the lower state courts. *See Opposition* (Doc. 31), at 7-8. But the Ninth Circuit was clear: it is the petition for hearing, not the briefing in the intermediate appellate court, that controls the outcome of Welton's federal case. *See Galvan*, 397 F.3d at 1200. Like Galvan, Welton failed to alert the Alaska Supreme Court to the federal nature of her claim in her petition for hearing. That omission is fatal to her federal habeas action regardless of what claims she earlier raised in the lower state courts.

Welton also argues that Galvan had an incentive to omit the federal claim from her petition for hearing because the state standard on the point at issue in *Galvan* was more favorable to Galvan than the federal standard. *See Opposition* (Doc. 31), at 8-9. In contrast, Welton alleges that, in her own case, the federal standard was more favorable to her position than the state standard and thus she had no motive for dropping the federal claim from her petition for hearing. *See Opposition* (Doc. 31), at 8. But Welton cites absolutely nothing to support her assertion that state ineffective-assistance law differs from or is weaker than federal ineffective-assistance law on the issue of tactical decisions (the point she claims was in dispute). *Id.* More important, Welton's motives for omitting from her petition any reference to the Sixth Amendment or the federal nature of her claim is irrelevant. Regardless of her motive, Welton did not clearly identify the federal nature of her claim and therefore failed to fairly present that claim to the Alaska Supreme Court.

Welton also suggests that this court should presume that the Alaska Supreme Court considered and resolved the federal claim simply because Welton asked the state supreme court to review the court of appeals' decision and that lower court

decision included an analysis of the Sixth Amendment claim. *See Opposition* (Doc. 31), at 9-10. But litigants are not required to assert in a higher court all of the claims asserted in the lower courts; they may pick and choose. Therefore, if a claim is omitted from a later pleading in a higher court, that court is entitled to assume that the omission was deliberate. The higher court thus decides only those issues that were briefed before it; to hold otherwise would turn the exhaustion requirement on its head.

Finally, to the extent Welton believes that *Fields v. Waddington* controls the outcome of this case (Doc. 31, at 7), *Fields* is consistent with *Galvan*. In *Fields*, the Ninth Circuit held that the federal nature of a *pro se* petitioner's claims was not adequately identified in the state court proceedings and therefore those claims were not preserved for federal habeas review. *Fields*, 401 F.3d at 1021-24. In reaching this conclusion the Ninth Circuit relied on many of the same legal principles that drove the *Galvan* decision—namely, that the federal nature of the claim must be clearly stated, that the mere mention of the federal constitution is not sufficient to exhaust the claim, that citation of irrelevant federal cases does not meet the habeas exhaustion requirement, that merely citing to state cases that discuss both state and federal constitutional analysis is not sufficient to exhaust the federal claim, and that raising a state claim that is similar to a federal claim does not exhaust state remedies. *Fields*, 401 F.3d at 1021-22. As discussed above and in respondent's motion to dismiss, Welton does not meet any of these standards. The fact that the petitioner's efforts in *Fields* may have been even less adequate than Welton's does not alter the conclusion that Welton, who was represented

by an experienced appellate attorney in the state appellate proceedings, did not adequately alert the state supreme court to the federal nature of her claims. In Welton's case, as in *Fields*, the petition must be dismissed for failure to exhaust state remedies.

DATED this 12th day of July, 2013.

MICHAEL C. GERAGHTY
ATTORNEY GENERAL

s/ Diane L. Wendlandt
Assistant Attorney General
Office of Special Prosecutions
　and Appeals
310 K Street, Suite 308
Anchorage, AK  99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: diane.wendlandt@alaska.gov

**Certificate of Service**

I certify that on July 12th, 2013, a copy of the foregoing Reply to Petitioner's Opposition to Motion to Dismiss Claims for Failure to Exhaust State Remedies was served electronically on William F. Dewey.

s/ Diane L. Wendlandt